[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This Motion for Contempt alleging a failure of the defendant to conform to the judgment as per the agreement of the parties that the defendant refinance the family home and release plaintiff from any liability for the mortgage or if she was unable to do so, convey 1/3 of her pension to the plaintiff. The agreement also indicated that if commitment was obtained within 60 days that led to refinancing, plaintiff waived any claims to the defendant's pension.
As of the date June 15, 2001, the defendant has refinanced the premises CT Page 9924 and the plaintiff has been released from any obligation on the mortgage.
As the time of the dissolution in July of 2000, the premises were in foreclosure of the mortgage. After the mortgage was reinstated through the defendant's efforts, she obtained a letter of intent in May 2001 and commitment and refinancing followed. It is clear from the examination of the prior proceedings and the correspondence of the plaintiff's counsel, (Respondent's Exhibit 7) that the primary concern that the plaintiff had was continued liability for the mortgage or any deficiency judgment. The mortgage was reinstated through the plaintiff's efforts and at no expense to the defendant.
In addition, as of the present time, the defendant has been released from any further liability on the note and mortgage by the refinancing.
The court hereby adopts the rationale expressed in the case of Mihalyakv. Mihalyak, 11 Conn. App. 610, concerning the reasonable performance period where time was not of the essence. The court there ruled that where reasonable and continued effort are made to effect the desired result, a lapse of time is not critical.
In this case, the defendant has been released from all liability for the mortgage and note and with no attendant expense to him.
The plaintiff's motion for contempt and the relief requested is denied.
Kocay, J.